Filed 5/11/26  P. v. Jacobo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

<table>
<tr><td>THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO JACOBO,<br><br>     Defendant and Appellant.</td><td>E084842<br><br>(Super.Ct.No. FWV21000832)<br><br>OPINION</td></tr>
</table>

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Vacated and remanded with directions.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Alejandro Jacobo was convicted of attempted murder (Pen. Code, §§ 187, 664; count 1; unlabeled statutory citations are to this code), domestic violence with a qualifying prior conviction (§ 273.5, subd. (f)(1); count 2), and false imprisonment by violence (§ 236; count 3).  The jury also found as to counts 1 and 2 that Jacobo inflicted great bodily injury under circumstances involving domestic violence. (§ 12022.7, subd. (e).)  The trial court imposed a prison sentence of 23 years for the attempted murder (the upper term of nine years, doubled because of a prior strike conviction, plus the upper term of five years for the great bodily injury enhancement), a concurrent sentence of five years (the upper term) for the domestic violence, and a concurrent sentence of three years (the upper term) for the false imprisonment.

Jacobo appealed, arguing that the sentence for either the attempted murder or the domestic violence should have been stayed pursuant to section 654, because both convictions were based on the same act, namely, Jacobo's act of running over the victim with his SUV.  We agreed, vacated his sentence, and remanded with directions for the superior court to determine whether to stay the sentence on count 1 or count 2 and to resentence Jacobo accordingly.  (*People v. Jacobo* (Jan. 26, 2024, E079063) [nonpub. opn.] (*Jacobo*).)

On remand, the superior court stayed the sentence on count 2.**1** Jacobo again appealed, arguing that the superior court erred by failing to exercise its discretion in determining which sentence should be stayed. We again agree.

When Jacobo was originally sentenced, the prosecution's sentencing brief conceded that section 654 applied to counts 1 and 2. (*Jacobo*, *supra*, E079063.) Defense counsel then addressed section 654 at the sentencing hearing. Counsel argued that Jacobo's "intent and objective . . . was just to injure" and "there was no actual evidence that there was an intent and objective to commit murder," so "under [section] 654 . . . the Penal Code [s]ection 273.5 should control." The prosecutor responded that "the jury found that this was, in fact, attempted murder as a charge," so "that is the appropriate . . . base term that the [c]ourt should use in this case."

The court chose not to apply section 654. The court acknowledged that "under [section] 654" the court "absolutely could consider [c]ount 2 versus [c]ount 1" and "could also consider [c]ount 3 versus [c]ount 1," but the court was "not inclined to do that in this case." The court concluded that "the traditional idea of [section] 654 does not apply," and the court also declined "to elect the new version of [section] 654."**2** The court gave the following additional explanation of its ruling: "I do believe that the jury

---

**1**     We note that on remand the trial court did not comply with this court's direction to resentence Jacobo. Rather, the trial court merely "[m]odified" his sentence by staying the sentence on count 2. But this court had vacated Jacobo's sentence, so there was no sentence for the trial court to modify on remand.

**2**     Defense counsel had pointed out that the prior version of section 654 required the court to stay only shorter sentences and execute the longest sentence, but the current version of the statute does not include that constraint.

properly found under the circumstances in this case that the primary offense, the most egregious offense in this case, was significantly egregious enough to be the base term. And I am intending to do that." The court then imposed and executed concurrent sentences on all three counts.

When the case returned to the superior court on remand following Jacobo's first appeal, the original sentencing judge (who also presided over the trial) had retired. The judge who conducted the resentencing proceedings on remand obtained "a copy of the sentencing transcript" in order to try to "gauge the trial [c]ourt's thinking at the time of the sentencing." Having read that transcript, the resentencing judge drew the following conclusions: The original sentencing court "understood the options it had available, and [the court] exercised [its] discretion in making [c]ount 1 the primary term. I recognize the Court of Appeal has suggested that I could still, I guess—or the trial [c]ourt, if [the original judge] was still available, could still, I guess, entertain her discretion nonetheless and impose [c]ount 1 or [c]ount 2, and stay the other. But I believe [the original judge] understood her discretion at the time and exercised it."

The resentencing court went on to announce and explain its ruling as follows: "The only difference is whether to run the term concurrent to [c]ount 2, or a stay under [section] 654. The Court of Appeal has directed us to stay it. So the term I believe the

4

trial [c]ourt imposed was five years on [c]ount 2 instead of running concurrent.  That will be vacated.  And [c]ount 2, that term is stayed pursuant to [section] 654."**3**

Jacobo was then allowed to address the court, after which the court further explained that it was "deferring to the trial [c]ourt who heard the evidence, and the arguments of the attorneys that were there, and those findings have been made."  The court added that "it was clear" that the original sentencing judge "intended to make [c]ount 1 the primary term and recognized she had the discretion not to do so.  [¶] And your attorney made a compelling argument at sentencing that she didn't need to do that.  However, she elected to do it, and the [c]ourt—I'm bound by that; okay?"  The court also acknowledged that defense counsel had submitted evidence that Jacobo has participated in rehabilitative programming in prison, but the court concluded "that wasn't compelling enough for me to impose my views above the sentencing [c]ourt, given the limitation of what was directed by the Court of Appeal."

The resentencing judge's statements make clear that in determining whether to stay the sentence on count 1 or count 2, he was "deferring to" and believed himself to be "bound by" the sentencing choices already made by the original sentencing court.  He did not exercise his own discretion to decide which sentence should be stayed under section

---

**3**     This court had already vacated Jacobo's entire sentence.  (*Jacobo*, *supra*, E079063.)  It is consequently unclear what the resentencing court intended to "vacate[]."  The resentencing minute order sidesteps the issue by purporting to modify (rather than vacate) the sentence, but that is problematic for similar reasons.  (Cf. fn. 1, *ante*, p. 3.)

5

654.  Rather, he expressed the belief that the original sentencing judge had already made the relevant determination.

That was error.  The original sentencing judge declined to apply section 654 at all, so she never exercised her discretion to decide which sentence should be stayed under section 654.  To date, no judge has exercised their discretion on that issue.

The resentencing judge stated that the original sentencing judge had exercised her discretion "to make [c]ount 1 the primary term," but it is not clear what that is supposed to mean.  Because the original sentencing judge imposed concurrent sentences for all three counts, Jacobo's sentence did not have the principal term/subordinate term structure that applies to consecutive sentences.  (Couzens et al., Cal. Practice Guide:  Sentencing California Crimes (The Rutter Group 2025) ¶ 13:18.)  But whatever the resentencing judge meant by "primary term," it had nothing to do with section 654.  The term imposed for count 1 is longer than the terms imposed for counts 2 and 3, but that is not a matter of discretion—the upper term for count 2 is the same as the low term for count 1 (§§ 273.5, subd. (f)(1), 664, subd. (a))—let alone an application of section 654.

The original sentencing judge's comments are similarly difficult to interpret.  The judge purported to defer to the jury's determination that the attempted murder "was significantly egregious enough to be the base term."  But the jury did not make any sentencing determinations, and the sentence imposed for count 1 is not the "base term" in any sense.  Rather, the nine-year base term for count 1 was doubled because of the strike, and then a five-year term was added for the great bodily injury enhancement, yielding a

6

total sentence of 23 years for count 1. (See Couzens et al., Cal. Practice Guide: Sentencing California Crimes (The Rutter Group 2025) ¶ 20:33.)

The arguments of counsel at the original sentencing hearing are likewise not easy to understand. Defense counsel argued that "there was no actual evidence that there was an intent and objective to commit murder," contrary to the jury's finding that Jacobo was guilty of attempted murder and therefore acted with intent to kill. (See *People v. Mumin* (2023) 15 Cal.5th 176, 190 ["*attempted* murder requires a specific intent to kill"].) The prosecutor responded that because the jury had convicted Jacobo of attempted murder, "that is the appropriate . . . base term that the [c]ourt should use in this case." But again, the sentence on count 1 was not the "base term" in any sense, and there were no principal/subordinate terms, because the court imposed concurrent sentences on all three counts.

In sum, the original sentencing judge did not apply section 654 at all and hence did not exercise her discretion to determine which sentence to stay under section 654. The resentencing judge did not exercise his discretion either but instead purported to defer to the original sentencing judge's exercise of discretion. But there was no such prior exercise of discretion. The resentencing judge therefore erred.

The People argue that the record clearly indicates that the resentencing judge would have reached the same conclusion in the absence of the error, so the error is harmless. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) In particular, the People contend that the resentencing court "indicated its agreement with the original

7

sentencing court's" discretionary determinations. The argument is meritless for two reasons. First, the resentencing judge did not express agreement with the original sentencing judge's determinations. Rather, the resentencing judge expressly deferred to and purported to be bound by those determinations. Second, the original sentencing judge never exercised her discretion to determine which sentence to stay under section 654. Consequently, even if the resentencing judge had expressed agreement with the original sentencing judge's discretionary determinations, such agreement would not indicate which sentence the resentencing judge would have stayed if he had correctly understood that it was up to him.

Because the record does not clearly indicate which sentence the resentencing judge would have stayed had he exercised his discretion, the judge's failure to exercise his discretion is not harmless.

We note that the sentence contains an additional error that no party has mentioned. The original sentencing judge doubled the base term on count 1 because of the prior strike but did not double the base terms for counts 2 and 3. The result was an unauthorized sentence. (*People v. Matthews* (1999) 70 Cal.App.4th 164, 169, fn. 4 [failure to double the base terms of all concurrent sentences on the basis of a prior strike results in an "improper" sentence that must be corrected on remand].)[4]

---

[4]     We also note that the original sentencing court's treatment of the great bodily injury enhancement is unclear. In general, the full term for a conduct enhancement must be added to the concurrent sentence for each count to which the enhancement applies.

*[footnote continued on next page]*

8

We accordingly vacate Jacobo's sentence and again remand for resentencing. The resentencing court shall defer to the original sentencing court's determinations to impose the upper term for each count (and for the great bodily injury enhancement as to count 1) and to impose concurrent sentences. The resentencing court shall otherwise resentence Jacobo on all counts in conformance with applicable law, doubling the base term for each count because of the strike (and addressing the great bodily injury enhancement as appropriate).[5] The resentencing court shall then apply section 654 to the sentences on

---

(Couzens et al., Cal. Practice Guide: Sentencing California Crimes (The Rutter Group 2025) ¶ 13:18.) The great bodily injury enhancement was alleged and found true as to both count 1 and count 2. The original sentencing court, however, imposed five years for the great bodily injury enhancement as to count 1 but not count 2, but the court never stated that it was striking the enhancement as to count 2. The court's statements relating to the issue are again difficult to interpret. At one point, the judge stated, "Because I am giving concurrent time where consecutive time could have been given, because the aggravating factors outweigh the mitigating factors, and because of the defendant's continued behavior along these lines, and the victim's request, that it would not be in furtherance of justice to strike anything further." That suggests that the judge did not intend to strike the enhancement. But subsequently, when announcing that it was imposing the upper term for the great bodily injury enhancement, the court stated, "the Court believes that the upper term of five years on the [enhancement] as it relates to Counts 1 and 2, the Court is applying more to Count 1 than Count 2. The Court finds that the upper term is appropriate and will impose five years on that as well." That suggests that the court intended to apply something "more" to count 1 than to count 2, which might mean that the court intended to strike the enhancement as to count 2. The original sentencing minute order does not clarify the matter. It does not say that the enhancement was stricken as to count 2 or that a shorter term was imposed for the enhancement as to that count. Rather, the minute order does not mention the enhancement at all in connection with count 2. We cannot tell from the record whether that was an error by the clerk, an oversight by the judge, or an accurate reflection of the judge's intention to strike the enhancement as to count 2. We need not resolve the issue, because no party has raised it. If the parties wish to clarify the matter, they may address it with the resentencing court on remand.

[5]     See footnote 4, *ante*, page 8.

counts 1 and 2 and shall exercise its discretion to determine which of those two sentences to stay. (See *People v. Mani* (2022) 74 Cal.App.5th 343, 380 ["When a court determines that a conviction falls within the meaning of Penal Code section 654, it is necessary to *impose* sentence and to stay the *execution* of the duplicative sentence"].)[6]

## DISPOSITION

Jacobo's sentence is vacated, and the matter is remanded for resentencing consistent with this opinion. After resentencing, the trial court is to prepare a new abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

---

[6]   The People point out that the abstract of judgment contains clerical errors. We agree. But there is no additional relief for this court to grant on that basis, because a new abstract of judgment will be prepared following resentencing.